Kendra Shandy
5750 North 59th Avenue
Glendale, AZ 85301
(480)231-2166
kendrashandy96@gmail.com



# IN UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Kendra Shandy,

    Plaintiff,

v.

Arizona Department of Child Safety (DCS),

    Defendant.

CASE NUMBER: **CV22-00149-PHX-MTL**

**CIVIL RIGHTS COMPLAINT**

## Jurisdiction

This court has jurisdiction over this matter pursuant to Americans with Disabilities Act (ADA) 42 U.S.C. § 12101, Fifth and Fourteenth Amendments of the United States Constitution, and a federal civil rights question 42 U.S. Code § 1983. The plaintiff, Kendra Shandy, is a resident of Glendale, Arizona, Maricopa County, AZ and a citizen of the United States, 5750 North 59th Avenue, Glendale, AZ 85301, (480)231-2166, kendrashandy96@gmail.com . The defendant, Arizona Department of Child Safety, 3003 N. Central Avenue, Phoenix, Arizona 85012, 1(602)255-2500, michael.faust@azdcs.gov. The cause of action arose in the Phoenix division.

## Civil Rights Complaint

42 U.S. Code § 1983

A. plaintiff is bringing suit against State and Local Officials.

B. Federal due process and civil rights violations by the State of Arizona filing non-evidentiary severance. Documented discrimination of a disabled person, protected by the Americans with Disabilities Act (ADA) 42 U.S.C. § 12101.

C. The defendants acted under the color of the Arizona Juvenile Rules, Rules of Civil Procedure, and ARS § 8-208, the penalties levied against the respondents in Juvenile Court for disclosing those

proceedings. Section 1983 allows claims alleging "the deprivation of any rights, privileges, or immunities secured by the constitution [and federal laws]." 42 U.S. Code § 1983.

1. The Arizona Department of Child Safety investigated a report in December 17, 2019, and any suspicions of neglect or abuse was unsubstantiated, and the Plaintiff's three week old baby was found healthy and well taken care of.

2. The Defendants kept the case open with DCS and in May 4, 2020, the Plaintiff had a relapse in her sobriety from substance abuse, and based on positive drug test results, not based on neglect or abuse, the Plaintiff's baby was taken into custody by the Defendants and a dependency was filed with the Arizona Juvenile Court.

3. June 29, 2020, the Plaintiff entered into substance abuse treatment and from that point forward, there has been no substance abuse issues.

4. During rehabilitation the Plaintiff found out she was pregnant with her second baby, who was born March 19th 2021. Drug testing during the pregnancy and post-partum showed no drugs in the system by the Plaintiff or her new born baby.

5. Although no substance abuse issues were found by the Defendants during or after the pregnancy, the Defendants removed the Plaintiff's new born at birth, based on her protected disability.

6. The Plaintiff is a disabled adult with a diagnosis of epilepsy, protected under federal law against discrimination by a government agency, under the Americans with Disabilities Act (ADA). The Plaintiff has been diagnosed with a depressive disability, also protected under the disability. The Plaintiff's disabilities and past substance abuse issues has no evidentiary support of parental abuse or neglect.

7. The Defendants had no evidence that the Plaintiff's disability interfered with her parenting of either children, the dependency based on her status as a disabled adult is discriminatory, and the dependency was non-evidentiary and based on the Plaintiff's disability as an epileptic.

8. The seizure medication the Plaintiff was prescribed causes side effects and birth defects with pregnant mothers. Most mothers with this disability will not take their seizure medication to avoid complications during pregnancy and child birth.

Complaint                                                                 1

9. The Plaintiff has a second disability, which was non-evidentiary regarding the dependency of the minor children by the Defendants. The Plaintiff has a diagnosis of depression, anxiety, and a mood disorder.

10. Based on no evidence of maltreatment, neglect, or abuse, the Defendants discriminated against the Plaintiff's federal rights of association with her children based on a "concern" that the Plaintiff may not be able to care for her children based on her disabilities .

11. Disabled adults with epilepsy and a mental disability are capable and competent to parent their children, and a non-evidentiary dependency based on these disabilities is discrimination by the Defendants based on the Plaintiff's disability, prohibited under the Americans with Disabilities Act.

13. Substance abuse is not a basis to remove a child from a parent's care, but is a foundation for the defendants to provide support services to strengthen Arizona Families (DCS Family Preservation Programs). The Defendants violated the Plaintiff's federally guaranteed rights of association with her own children by not providing in home care and support services, and by removing the Plaintiff's children from her care in a non-evidentiary dependency with the Juvenile Court, where no evidence of maltreatment, neglect, or abuse has been presented to justify the alienation of the Plaintiff from her association with her minor children.

12. The Defendants refuse to return the Plaintiff's children to her care, based on unspecified "barriers" that is semantics for the discrimination of the Plaintiff based on her disabilities.

13. The Plaintiff has completed all service requirements by the Arizona Department of Child Services and by not reunifying her with her children, the Defendants are violating the Plaintiff's federally guaranteed rights of association with her children.

14. The Plaintiff has remained in sobriety and has not had any positive drug testing for substance abuse. The current dependency is non-evidentiary and a violation of the Plaintiff's civil and due process rights.

15. The Plaintiff has been compliant with all medications for her disability, she has remained in sobriety with consistent clean drug testing, she maintains stable employment, there was no evidence of abuse or neglect at any time during the dependency, and the Plaintiff contends the current non-evidentiary proceedings is proof of discrimination by the Defendants based on her disability,and a violation of her federally guaranteed rights of association with her children.

Complaint                                                            1

16. In the dependency petition to have the second baby removed from the Plaintiff's care, the Defendants included discriminatory pleadings based on past grand mild seizures associated with her disability.

15. Natasha Boykin is the designated safety monitor for reunification and in home family placement in 2020. The Defendants violated the Plaintiff's rights of association with her children by not reuniting her family with the approved safety monitor.

16. The Plaintiff completed all service requirements for reunification with her child as per requirements by the Arizona Department of Child Safety.

17. In January, 2022, the Plaintiff submitted a qualified "safety monitor" living in her residence, for immediate reunification of her child to her care.

18. During these dependency proceedings, the Defendants reported to the Juvenile Court that the goal of the dependency is reunification of the Plaintiff with her child.

19. The Defendants filed false pleadings with the Juvenile Court regarding the Plaintiff's reunification with her child, as the false narratives and the alienation of the Plaintiff by the Defendant's conduct is the goal of a non-evidentiary severance of the Plaintiff's parenting rights. Therefore, the false pleadings of reunification when the conduct of the Defendants is alienation and severance, and such conduct is a violation of the Defendant's federally guaranteed due process and civil rights.

## Injuries

As a result of these several violations of the plaintiff's federally guaranteed due process and civil rights, and the discrimination the Plaintiff has endured as a person with disabilities,, the Plaintiff claims the following injuries:

20. Injuries stemming from the violation of the Plaintiff's due process and civil rights, psychological and tangible, present and future injuries from tortuous conduct in the Defendant's overt violations of the Plaintiff's federally guaranteed rights.

21 Injuries to the Plaintiff stemming from the overt violations of the protections of disabled people, protected from discrimination by a government agency, psychological and tangible, present and future injuries from tortuous conduct in the Defendant's overt violations of the Plaintiff's federally guaranteed rights against discrimination, with federal protections under the Americans with Disabilities Act (ADA).

22. The torturous conduct by the Defendants have alienated the Plaintiff from her child, and that separation has caused severe psychological and emotional damages that no monetary relief can compensate, and such conduct by the Defendants was intentional infliction of emotional distress upon a parent and a person with disabilities.

23. The Defendants conduct was negligent as they had a duty of care to the Plaintiff to reunite her with her child with the successful completion of the Plaintiff's service requirements for reunification. The Plaintiff's breached that duty of care and such negligence has caused the Plaintiff psychological and emotional damages that no monetary relief can compensate,

### Prayer for Relief

As a result of these several violations of the plaintiff's federally guaranteed due process and civil rights, and the Defendant's ADA discrimination against this complaintant, the Plaintiff prays to the Court for the following relief.

24. Injuries as a result of the documented due process and civil rights violations against the Plaintiff's person by the conduct by the Defendant, $330,000 is prayed for relief..

25. Injuries resulting from ADA discrimination by the Defendants, the Plaintiff prays for $220,000 in relief to the court..

26. Infliction of intentional emotional distress, the Plaintiff prays for $180,000 in relief.

27. Intentional alienation of the Plaintiff's affections and association with her minor child, and torturous interference with these federally guaranteed rights of the Plaintiff to associate with her child, the Plaintiff pray for $560,000 in relief.

28. The injuries sustained by the Plaintiff as a direct result of the Defendant's negligent conduct, the Plaintiff prays for $180,000 in relief.

29. Punitive damages, the plaintiff prays for $75,000 in relief.

30. For compensatory and general damages in an amount according to proof;

31. For past and future psychiatric, behavioral health, and counseling services to the plaintiff and his minor child due to the psychological damages the defendants caused the plaintiff and his family as a result of their behaviors, the Plaintiff prays for $55,000 in relief.

32. For pre- and post-judgment interest on all damages as allowed by the law;

33. For costs of suit incurred herein;

34. For attorney fees under existing law;

35. For such other and further relief as the Court may deem just and proper

36. No evidence has ever been presented of past or present neglect and abuse by the Plaintiff by the Defendant. The Plaintiff has successfully completed all requirements for reunification with her child as required by the Arizona Depart-men of Child Safety. Therefore, the Plaintiff prays for the court for an order returning the Plaintiff's minor child to her care, without condition, and expeditiously.

The total amount prayed to the court for is $1,200,000.00 The plaintiff wants a trial by jury.

Date: _1-25-22_

Kendra Shandy
5750 North 59th Avenue
Glendale, AZ 85301
(480)231-2166
kendrashandy96@gmail.com

Complaint                                                            1