WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kendra Shandy, | No. CV-22-00149-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Madison Headley, | |
| Defendant. | |

Pending before the Court is *pro se* Plaintiff Kendra Shandy's Motion to Reopen Case. (Doc. 24.) For the following reasons, the Court denies Plaintiff's motion.

**I.**

In March 2022, the Court issued a screening order of Plaintiff's first amended complaint. (Doc. 15.) The Court ordered Plaintiff to file a Second Amended Complaint within thirty days of the issuance of the order. (*Id.*) A little more than a week after Court issued its order, instead of filing an amended complaint, Plaintiff filed a motion requesting the marshals serve the defendant. (Doc. 25.) The Court denied that motion and explained: "Plaintiff has not filed a Second Amended Complaint. Accordingly, there is nothing for the Marshals to serve." (Doc. 20.) Then, on April 24, 2022, the Court terminated the case because it had not received a second amended complaint. (Doc. 23.) Several days later, Plaintiff filed the instant motion to reopen the case. (Doc. 24.)

**II.**

Rule 60(b)(1) permits a court to "relieve a party or its legal representative from a

final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). "Rule 60(b) is remedial in nature and therefore must be liberally applied . . . Whenever it is reasonably possible, cases should be decided on their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985).

### III.

Plaintiff asserts that her case should be reopened because she "was out of state for 3 weeks and [she] misunderstood [her] needing to file a second amended complaint." (Doc. 24.) To determine whether a motion to reopen constitutes "excusable neglect," the Court applies the *Pioneer* factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223–24 (9th Cir. 2000) (citing *Pioneer Inv. Servs Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

First, there is no danger of prejudice to the Defendant here because Plaintiff has not yet properly served Defendant. "Prejudice requires greater harm than simply that relief would delay resolution of the case." *Lemonge v. U.S.*, 587 F.3d 1188, 1196 (9th Cir. 2009). Second, the Court finds that reopening the case would have a significant impact on the proceedings. Plaintiff brought this case more than six months ago and has yet to serve process. (*See* Doc. 1.) Third, Plaintiff's purported reason for the delay—that she was "out of state"—did not inhibit her from filing a motion requesting that the Marshalls serve process (Doc. 18) and does not explain her seven-week delay in filing. Moreover, Plaintiff's explanation that she did not understand that she needed to file another complaint is insufficient, particularly given that the Court told her to do so twice. (Docs. 15, 20.) "Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Finally, the record contains no indication of bad faith. On balance, the Court concludes that Plaintiff's assertion fails to meet Rule 60(b)(1)'s requirements of "excusable neglect." Furthermore, based on the procedural posture of this case and the explanation set forth above, the Court

finds the remaining Rule 60(b)(1) factors of mistake, inadvertence, and surprise do not apply. *See* King, 814 F.2d at 567. Plaintiff's motion is denied.

**IV.**

Accordingly,

**IT IS ORDERED denying** Plaintiff's Motion to Reopen Case. (Doc. 25.)

Dated this 5th day of July, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge